IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRIAN L. FOUTS                                                 PLAINTIFF

V.                                  NO. 10-3075

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration         DEFENDANT

### **MEMORANDUM OPINION**

     Before the Court is Defendant's Motion for Reversal and Remand. (Doc. 14). Defendant seeks a remand because the transcript is incomplete, in that it does not contain vocational expert testimony that the ALJ referred to in his decision. Upon remand, the ALJ will hold a de novo hearing with vocational expert testimony.

     The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); Shalala v. Schaefer, 509 U.S. 292, 296, 113 S.Ct. 2625 (1993).

     Here, the Court finds remand for the purpose of the ALJ to conduct a de novo hearing with vocational expert testimony as addressed above appropriate.

     Based on the foregoing, the Court finds remand appropriate and grant the Commissioner's

motion to remand this case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

DATED this 2nd day of May, 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)